UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**MARIANNE GRECO,**                                             Chapter 7
    Debtor                                                        Case No. 15-12232-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the Motion for Reconsideration of Court's Order of October 19, 2015 Sustaining the Trustee's Objection to Claim of Exemption. In the absence of a timely response to the Chapter 7 Trustee' Objection to List of Property Claimed as Exempt, this Court, on October 19, 2015, sustained his Objection. The Chapter 7 Trustee does not oppose reconsideration of the merits of his Objection. Accordingly, the Court grants the Motion for Reconsideration and shall determine the merits of the Trustee's Objection. The issue presented is whether the Debtor has a valid claim of exemption under Mass. Gen. Laws ch. 235, § 34A.

The material facts necessary to resolve the Trustee's Objection are not in dispute. Neither party requested an evidentiary hearing. Accordingly, the matter is ripe for determination.

1

## II. BACKGROUND

The Debtor filed a voluntary Chapter 7 petition on June 4, 2015. Pursuant to Mass. Gen. Laws ch. 235, § 34(14) [sic], she listed the following on Schedule C-Property Claimed as Exempt: "Divorce Judgment, pursuant to a 'Separation, Support and Property Division Agreement' dated May 1, 1996, obligating John L. Greco to pay to Marianne M. Greco the sum of $50,000 over a period of 30 years with interest at 6% : Monthly payments of $300 in payment status" (the "Separation Agreement"). The Debtor valued her exemption at $39,600 and claimed it exempt pursuant to Mass. Gen. Laws ch. 235, § 34(14).

In her Memorandum, the Debtor set forth the provision of a judgment entered by the Middlesex Probate and Family Court, Department of the Massachusetts Trial Court, on May 14, 1996 which gives rise to her claim of exemption. The judgment provided:

> Exhibit H: 1. The Husband agrees to pay the sum of FIFTY-THOUSAND DOLLARS ($50,000.00) to the Wife, by way of a standard form FNMA Promissory Note and Mortgage which is incorporated and attached hereto, *which sum represents a portion of his future pension benefits under the Medford Retirement System*. The Wife has agreed that this sum will be paid to her in monthly installments of THREE HUNDRED DOLLARS ($300.00) each and every month commencing one (1) month following the approval of this Agreement by the Middlesex Probate Court for thirty (30) years, which payments are calculated as a direct reduction mortgage of FIFTY THOUSAND DOLLARS ($50,000.00) for a THIRTY (30) YEAR period at an annual interest rate of SIX PERCENT (6%). The Husband agrees to secure said payment to the Wife with a second mortgage on the real estate at 31 Sagamore Avenue, Medford, Massachusetts. *The Wife agrees that this allocation and payment is in lieu of any claims or rights which the Wife may have now or in the future to the Husband's pension rights,* and the Wife agrees to waive and release any and all past, present, or future rights or claims thereto.

(Emphasis supplied by Debtor).

2

### III. POSITIONS OF THE PARTIES

The Trustee set forth the following in his Objection:

The Debtor received a promissory note from her ex-husband as part of her divorce judgment, pursuant to which he pays her $300 per month. The Debtor testified that at the time she filed bankruptcy her ex-husband was current on his note payments and that the principal balance owed on the note was $39,600.00. The Debtor further testified that her ex-husband continues to make the monthly $300 payments to her post-petition.

The basis for exemption set forth on the Debtor's schedules, Mass. Gen. Laws c. 235, § 34(14), provides an exemption for estates of homestead or for money needed to pay rent. Such statute is inapplicable to the promissory note at issue, and the Trustee understands that the Debtor cited such statute in her schedules inadvertently and in error. Instead the Trustee understands that the Debtor intended to claim an exemption pursuant to Mass Gen. Laws c. 235, § 34A.

According to the Trustee, although the promissory note was given in lieu of any claim or right the Debtor had to her ex-husband's pension benefits, that intention is insufficient to bring the payments under the promissory note within the ambit of § 34A. The Trustee set forth two independent reasons, stating:

First, § 34A only applies either to a right or interest in the plan itself or to an "annuity or similar contract" that is "distributed from or purchased with assets distributed from" the plan. The promissory note at issue is not a right or interest in the plan itself. While it might be an "annuity or similar contract", it was not "distributed from or purchased with assets distributed from" the plan, as the promissory note appears to have been created independently from the plan and without any assets being distributed from the plan. Thus it is not covered by § 34A. Second, § 34A does not apply to all annuities, pensions, and profit sharing and retirement plans. It applies to ERISA plans, self-employed individual plans, 401(a) plans, SEP's, 403(b) plans, and IRA's and Annuities. The Medford Retirement System is none of those things; it is a statutorily created system under Mass. Gen. Laws c. 32. Nothing in § 34A deals with the Massachusetts retirement systems and pensions created by c. 32.

3

In her Memorandum in Support of her Claimed Exemption, the Debtor admitted that she meant to reference Mass. Gen. Laws ch. 235, § 34A. She argued that the property claimed as exempt is "within the intent of the exemption statute." She set forth the following:

> At the time of the Divorce, it was acknowledged by the parties that the Debtor ("the Wife") would normally have a claim to one half the retirement benefits accrued by the Husband during their 28-year marriage. Because it was deemed difficult to set this up with the City of Medford which employed the Husband, the parties agreed on the stated means of providing the Wife with her retirement share in a form that would be secured as a pension payment would be.
>
> The Debtor has been receiving the payments of $300.00 per month since 1996. Although she estimated at the time of her filing on June 4, 2015, that the balance remaining on the Husband's note was $39,600, a subsequent amortization (attached hereto as Exhibit B) indicates that the balance remaining as of the filing date of June 4, 2015, was $28,916.20.

The Debtor argues that although the art of statutory construction begins with the plain language of the statute, the intent of the drafters should be referenced to resolve any ambiguity. She maintains that "it seems clear that the drafters' intent was to set out a comprehensive list of the various forms retirement benefits might take, whether straightforwardly within the ambit of ERISA, maintained by self-employed earners, or created as an annuity or other contract from retirement funds."

In the alternative, the Debtor argues that, if the payment stream is not exempt, the liquidation of those payments from her former spouse would be inconsequential. Without citation to any authority, she stated: "he [the Trustee] will be selling the right to receive secured payments of $300.00 a month for the next 228 months, or 19 years. The

4

Trustee must make a case that the discounted value of this note is of sufficient value to the estate to justify the effort."

Finally, the Debtor argues that the payments are crucial to her ability to meet her monthly living expenses, noting that even though she shares living expenses with a partner, "her current monthly income from Social Security, her own pension, food stamps, and her former Husband's pension falls approximately $319.00 short of her expenses."

## IV. DISCUSSION

> Section 34A of chapter 235 provides in pertinent part the following:
>
> The right or interest of any person in an annuity, pension, profit sharing or other retirement plan subject to the federal Employee Retirement Income Security Act of 1974, in any plan maintained by one or more self-employed individuals as a Keogh Plan, so-called, in any plan maintained by a corporation or other business organization pursuant to section 401(a) of the Internal Revenue Code but not subject to the federal Employee Retirement Income Security Act of 1974, or in any Simplified Employee Plan, annuity plan to which the provisions of section 403(b) of the Internal Revenue Code apply or Individual Retirement Account or Annuity maintained by an individual, or in any annuity or similar contract distributed from or purchased with assets distributed from any of the foregoing, shall be exempt from the operation of any law relating to insolvency and shall not be attached or taken on execution or other process to satisfy any debt or liability of such person, except as may be necessary to satisfy (i) an order of a court of competent jurisdiction concerning divorce, separate maintenance or child support or (ii), in the event of the conviction of such person of a crime, an order of a court requiring such person to satisfy a monetary penalty or make restitution to the victim of such crime.

Mass. Gen. Laws ch. 235, §34A.  In In re Goldman, 182 B.R. 622 (Bankr. D. Mass. 1995), Judge Hillman interpreted § 34A, ruling as he believed the Supreme Judicial Court would rule. Id. at 625 (citing In re Miller, 113 B.R. 98 (Bankr. D. Mass. 1990)).  He stated:

5

> The Supreme Judicial Court has stated that "the familiar rule of statutory construction requires us to interpret a law so as to effectuate the intent of the Legislature in enacting it." . . . The court further stated that the "intent of the Legislature is to be determined primarily from the words of the statute, given their natural import in common and approved usage, and with reference to the conditions existing at the time of enactment . . . Wherever possible, we give meaning to each word in the legislation; no word in a statute should be considered superfluous." To the extent that the statute is ambiguous, the court would look to the historical and legal environment in which it was enacted to discern the Legislature's intent.

Judge Hillman discerned no ambiguity in § 34A, stating that the statute provided for two types of exemptions: "The first is for any annuity, pension, profit sharing or other retirement plan maintained in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA") or any 'annuity or similar contract purchased with assets distributed from any of the foregoing,' explaining that the second exemption is for any "'plan maintained by an individual as a Keogh Plan, a Simplified Employee Plan, or an Individual Retirement Account.'" Id. This Court agrees with Judge Hillman. The statute is not ambiguous.

The "standard form FNMA Promissory Note and Mortgage" executed by the Debtor's former spouse to satisfy obligations arising from the dissolution of a marriage, though payable from "a portion of his further pension benefits under the Medford Retirement System" does not fall within the ambit of the plain language of the statute. Moreover, the Debtor failed to establish, let alone argue, that the Medford Retirement System is within the purview of § 34A.

Finally, the Debtor's argument that the payment stream under the promissory note is of inconsequential value is speculative and, like the Debtor's need for the monthly

payments, irrelevant to the validity of the claimed exemption. While the Court is sympathetic to the Debtor's financial circumstances, pursuant to 11 U.S.C. § 704(a)(1), the Trustee is obligated to administer non-exempt assets for the benefit of the bankruptcy estate's creditors, unless in his business judgment he were to elect to file a notice of abandonment under 11 U.S.C. § 554(a).

## V. CONCLUSION

For the reasons set forth above, as well as for the reasons set forth in the Trustee's Objection, the Court, upon reconsideration, shall enter an order sustaining the Trustee's Objection to the Debtor's claim of exemption under Mass. Gen. Laws ch. 235, § 34A.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: March 3, 2016